UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
GOKHAN OZPINAR, KAAN TEKIN, and
SEVTAP BATIR,

                            Plaintiffs,              **ORDER**
                                                                    13 CV 7368 (CLP)

          -against-

L&G DELITE, LLC, LARRY PANAGLOTOPOLUS,
LISA PANAGLOTOPOLUS, and JOHN
PANAGLOTOPOLUS

                            Defendants.

---------------------------------------------------------------- x

**POLLAK**, United States Magistrate Judge:

On December 27, 2013, Gokhan Ozpinar, Kaan Tekin, and Sevtap Batir ("plaintiffs") commenced this action against L&G Delite, LLC, Larry Panaglotopolus, Lisa Panaglotopolus, and John Panaglotopolus (collectively "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

On September 2, 2015, defendants submitted a letter to the undersigned, requesting a pre-motion conference to address a discovery dispute between the parties and to compel the production of plaintiffs' bank account statements in their possession to defendants. (Defs.' Ltr.[1] at 1). Defendants explained that plaintiffs have not agreed to produce any bank account statements because they assert that defendants' request is an invasion of plaintiffs' privacy. (See

---

[1] Citations to "Defs.' Ltr." refer to defendants' letter seeking a pre-motion conference to address a discovery dispute about producing plaintiffs' bank account statements, filed September 2, 2015.

id. at 2-3; Pls.' Ltr.[2] at 1). To ameliorate plaintiffs' privacy concerns, defendants suggested entering into a confidentiality stipulation, which they contend "is an acceptable method of handling the disclosure of bank records in civil actions." (Defs.' Ltr. at 2) (citing cases). Plaintiffs did not agree to this suggestion. (Pls.' Ltr. at 2). A hearing before the undersigned was held on September 11, 2015, where the parties discussed the discovery dispute.

In defendants' letter, defendants represent that plaintiffs were paid in cash, and all payments were reflected in defendants' "daily ledger," which was maintained for each plaintiff in the case. (See Defs.' Ltr. at 1). Specifically, defendants contend that this "daily ledger" shows "the hours that they worked, the tips they received, their regular and overtime hourly rates, and the total wages received on a weekly basis." (Id.) During the deposition of plaintiff Sevtap Batir ("Batir"), defendants learned that while Batir was employed at defendants' restaurant, she "would make cash deposits" into her Citibank account near "defendants' restaurant after she left work." (Id.) As a result of this testimony, defendants requested that plaintiffs produce the bank statements of plaintiff Batir and her husband Kaan Tekin (Tekin), who is also a plaintiff in this action, which defendants believe will show the "deposited funds [they] received through their employment with [defendants]." (Id. at 2).[3]

Defendants argue that their request for plaintiffs' bank account statements fall within the

---

[2] Citations to "Pls.' Ltr." refer to plaintiffs' letter responding to defendants' September 2, 2015 letter with respect to defendants' request for plaintiffs' bank account statements, filed September 8, 2015.

[3] During Tekin's deposition, he indicated that he did not "receive income from anyone other than [defendants] during the time that [he was] employed by [defendants]." (Id., Ex. E). At Batir's deposition, she testified that her husband Tekin maintained two bank accounts at Bank of America and at Citi but did not know which bank accounts he had during his employment with defendants. (Id., Ex. A).

2

purview of Federal Rule of Civil Procedure 26(b)(1), as the request "is certainly reasonably calculated to lead to the discovery of relevant evidence." (Id.) Defendants assert that because plaintiffs dispute defendants' records and were paid in cash, bank account statements reflecting cash deposits could show whether the defendants' "daily ledger" was accurate. (See id. at 2). Further, defendants contend that deposition testimony from both Batir and Tekin make it "very clear" that defendants were plaintiffs' "only source of income," suggesting that any cash deposited into plaintiffs' bank accounts represents the income they received from defendants.[4]

Subsequently, on September 8, 2015, plaintiffs submitted a letter to the undersigned opposing defendants' discovery request. Plaintiffs argue that the request for plaintiffs' bank accounts is "invasive, against their privacy interests, and contrary to established precedent." (Pls.' Ltr. at 1). Plaintiffs also contend that using "these records of cash deposits . . . to verify the accuracy of [d]efendants' records is attenuated at best, as it would be impossible to definitively verify that cash deposits are linked to [d]efendants' ledgers without drawing inferences." (Id.) Finally, plaintiffs state that "[d]efendants' requests are not reasonably calculated to lead to discoverable evidence, as required by Federal Rules of Civil Procedure 26(b)(1)." (Id. at 2).

The Federal Rules of Civil Procedure grant parties in lawsuits broad rights to discovery. See Fed. R. Civ. P. 26(b). Parties are entitled to discovery for any "nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Discoverable materials "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

---

[4] Defendants also explained that Batir received money from her father in Turkey via wire transfer; however, this transfer was not deposited into her Citibank student account. Defendants argue that the only deposits into her Citibank student account resulted from her employment with defendants. (Id. at 2).

3

discovery of admissible evidence." Id. In other words, "'[r]elevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). However, discovery may not be used to "'to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" Id. (quoting In re Fontaine, 402 F. Supp. 1219, 1221 (S.D.N.Y. 1975)).

Having reviewed the papers submitted by the parties and based on the discussion at the conference on September 11, 2015, the Court finds that defendants' request for plaintiffs' bank account statements showing cash deposits meets the "broad" relevance standard under Federal Rule of Civil Procedure 26(b). See Crosby v. City of New York, 269 F.R.D. at 282. Although plaintiffs contend that defendants' request for the bank account statements burdens plaintiffs' "privacy interests," plaintiffs have not presented a persuasive argument that this burden outweighs the likely benefit of defendants' proposed discovery. See Fed. R. Civ. P. 26(b).[5]

Further, plaintiffs' argument that "there is no way" for defendants "to verify that the [p]laintiffs' cash deposits are in fact from [d]efendants" is not relevant to whether defendants may obtain discovery as to cash deposits made by plaintiffs. (Id.). The Court need not determine whether the bank account statements will definitively show that defendants' "daily ledger" was accurate or that the cash deposits will provide a "direct[ ] link" between defendants' payments to

---

[5]In fact, plaintiffs have not provided any caselaw in support of their arguments that defendants' request for plaintiffs' bank account statements showing cash deposits are "against their privacy interests" and are "not reasonably calculated" to lead to admissible evidence. (Pls.' Ltr. at 1-2).

4

plaintiffs. (Id.) Rather, the Court must analyze if defendants' request is "reasonably calculated to lead to the discovery of [such] admissible evidence" under Rule 26(b), and this Court has determined that defendants' request is proper under the rule.

Accordingly, the Court grants defendants' motion to compel plaintiffs Batir and Tekin to produce all bank statements in their possession that show cash deposits made into each account where they deposited funds received from defendants during their employment. Plaintiffs are directed to produce such bank account statements in their possession to defendants by November 9, 2015. The parties are also directed to enter into a confidentiality agreement with respect to plaintiffs' bank account statements by November 9, 2015.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 19, 2015

/s/ CHERYL POLLAK
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York