UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
GOKHAN OZPINAR, KAAN TEKIN, and
SEVTAP BATIR,

                                  Plaintiffs,            **ORDER**
                                                                   13 CV 7368 (CLP)

            -against-

L&G DELITE, LLC, LARRY PANAGLOTOPOLUS,
LISA PANAGLOTOPOLUS, and JOHN
PANAGLOTOPOLUS

                                Defendants.
----------------------------------------------------------- x

**POLLAK**, United States Magistrate Judge:

        On December 27, 2013, Gokhan Ozpinar, Kaan Tekin, and Sevtap Batir ("plaintiffs") commenced this action against L&G Delite, LLC, Larry Panaglotopolus, Lisa Panaglotopolus, and John Panaglotopolus (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). On April 11, 2014, the parties consented to proceed before the undersigned.

        On December 17, 2015, the parties notified the Court that they reached a resolution of the action. In light of the Second Circuit's recent clarification that judicial approval is required to effectuate the settlement of plaintiffs' claims under the FLSA, see Cheeks v. Freeport Pancake House, Inc., No. 14 CV 299, 2015 WL 4664283 (2d Cir. Aug. 7, 2015), the Court scheduled a hearing for January 13, 2016 to determine the fairness of the settlement.

        In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking

Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation").

In this case, after holding a fairness hearing, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiffs' claims, considering the amounts received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in protracted arms' length negotiations between experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Indeed, having supervised the case and having become familiar with the facts of the case through several settlement discussions, this Court is cognizant of the many issues that would require further discovery and the risks of litigation if the case were to proceed, particularly in light of the financial constraints facing defendants.

Accordingly, having heard the terms of the Settlement Agreement and the arguments that the settlement amounts are fair and reasonable, the Court finds that the proposed settlement of the plaintiffs' claims is fair and reasonable and hereby approves the settlement.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
January 15, 2016

/s/ Cheryl L. Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York